IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) VALERIE EAKINS, individual and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>(1) WHALECO INC. d/b/a TEMU,<br><br>Defendant. | Case No: CIV-23-560-J<br><br>Class Action |

### NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, Whaleco, Inc. d/b/a Temu ("Defendant"), hereby removes the state court action entitled "*Valerie Eakins, individually and on behalf of all other similarly situated, v. Whaleco Inc. d/b/a Temu*" bearing Case No. CJ-2023-21, pending in the District Court of Washita County, State of Oklahoma ("State Court Action"), to the United States District Court for the Western District of Oklahoma, and respectfully represents as follows:

### Procedural History and Timeliness of Removal

1. Plaintiff, Valerie Eakins, filed the referenced state court action against Defendant on May 25, 2023. A true and accurate copy of the Class Action Petition (the "Petition") is attached hereto as **Exhibit 1**, as required by 28 U.S.C. §§ 1441 and 1446.

2. True and correct copies of all other process, pleadings, and orders purportedly served upon Defendant in the State Court Action are attached to this Notice as follows: (i) Motion to Associate Counsel (re Frank Hedin) [filed 6/12/2023] attached as **Exhibit 2**; (ii) Motion to Associate Counsel (re Edwin Powell Miller) [filed 6/12/2023] attached as **Exhibit 3**; (iii) Order Admitting to Practice (re Frank Hedin) [filed 6/13/2023] attached as **Exhibit 4**; (iv) Order Admitting to Practice (re Edwin Powell Miller) [filed 6/13/2023] attached as **Exhibit 5.**

3. Plaintiff purportedly served Defendant with a summons and the Petition in the State Court Action on June 6, 2023. See Summons (or Return of Service) filed in the State Court Action, attached hereto as **Exhibit 6**. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

4. A copy of the Washita County, Oklahoma State Court's docket is attached hereto as **Exhibit 7**.

### Joinder

5. Plaintiff has not named any other defendants in this action, and therefore, no joinder of additional defendants to this removal is necessary.

### Relevant Allegations

6. Plaintiff's single-count Petition seeks relief from Defendant, on behalf of herself and a putative class of similarly-situated persons, for allegedly "sending automated commercial telephonic sales calls, in the form of text messages, to her cellular telephone and the cellular telephones of numerous other individuals across Oklahoma" in violation of Oklahoma's Telephone Solicitation Act, Okla. Stat. tit. 15, § 775C. l, et seq. ("OTSA"). See Petition ¶ 1.

7. More specifically, Plaintiff's Petition alleges, inter alia, that "the number of persons within the Class is substantial, believed to amount to at least several thousand persons dispersed throughout Oklahoma, who collectively received at least tens of thousands of commercial telephonic sales calls by or on behalf of Defendant since November 1, 2022." Petition ¶ 28. According to the Petition, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Petition ¶ 29.

8. The Petition seeks an award of $500.00 in statutory damages for each violation of the OTSA or $1,500 for each such violation committed willfully or knowingly. Petition ¶ 45.

9. Defendant disputes all of Plaintiff's allegations, believes the Petition lacks any merit, and denies Plaintiff or the putative class has/have been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, therefore, Defendant does not waive any arguments with respect to the Petition or otherwise in this matter and expressly reserves the right to move to compel arbitration. As demonstrated below, however, this Court has jurisdiction over Plaintiff's claim and removal of this action is proper. *See, e.g., McDaniel v. Fifth Third Bank*, 568 F.App'x. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of jurisdictional analysis); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

## **CAFA Jurisdiction**

10. This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, inter alia, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant…" and require that the proposed class must contain at least 100 persons. *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016). As shown below, this case readily meets all these requirements. *Dart Cherokee Basin Operating Co.,* 574 U.S. at 89 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

11. The State Court Action is a "class action" under 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated individuals pursuant to Okla. Stat. tit 12, § 2023. Petition. ¶¶ 21 – 36.

12. There is minimal diversity between Plaintiff and the putative class members on the one hand and Defendant on the other. 28 U.S.C.A. § 1332 (d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant").

13. In this regard, Plaintiff alleges that she was and is a resident of Washita County, Oklahoma and seeks to certify a class of all persons across the nation assigned an Oklahoma area code. Petition ¶¶ 4 & 21. It is worth noting that by Plaintiff's proposed class definition, the class is not limited solely to Oklahoma residents.

14. The Petition alleges that "Defendant is organized and incorporated under the laws of Delaware and maintains its corporate headquarters and principal place of business in Boston Massachusetts." Petition ¶ 5.

15. Taking the allegations as true, as the Court must for removal, Plaintiff alleges that the class consists of several thousand people. Petition ¶ 28. Hence, the class is above the 100-person threshold.

16. The plausible amount in controversy exceeds the requisite minimum under CAFA. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable."); *Frederick v. Hartford Underwriters Ins. Co.*, 683

F.3d 1242, 1247 (10th Cir. 2012)("Regardless of the plaintiff's pleadings, federal jurisdiction is proper if a defendant proves jurisdictional facts by a "preponderance of the evidence" such that the amount in controversy may exceed $5,000,000.")

17. In particular, and as noted above, Plaintiff alleges that the purported Class received tens of thousands of telephonic sales calls, and Plaintiff is seeking $500 for each call. The use of the word "tens" implies more than 10 and potentially more than 20. Defendant disputes this allegation, but taking it as true, and assuming the class received more than 10,000 text messages and Plaintiff is seeking $500 for each text, then the amount in controversy exceeds $5,000,000 (assuming 10,001 text messages, multiplied by $500, equals $5,000,500.). *Frederick*, 683 F.3d at 1247 (Stating that once a defendant meets this burden on damages, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover more than $5,000,000).

18. Given the foregoing, the CAFA removal requirements are met in this case and, as such, removal to this Court is proper.

## Venue

19. Because this action was filed in the District Court of Washita County, Oklahoma, the United States District Court for the Western District of Oklahoma is the proper Court for removal of this action pursuant to 28 U.S.C. § 1441.

20. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff and will be filed with the Clerk of Court for the District Court of Washita County, Oklahoma, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, Case No. CJ-2023-21 currently pending

in the District Court of Washita County be removed to the United States District Court for the Western District of Oklahoma, for further proceedings as provided by law.

        Respectfully submitted,

        *s/John A. Burkhardt.*
        John A. Burkhardt, OBA #1336
        *Attorneys for Defendant, Whaleco Inc., d/b/a Temu*
        SCHAFFER HERRING PLLC
        7134 S. Yale, Suite 300
        Tulsa, OK 74136
        Telephone: (918) 550-8105
        Facsimile:  (918) 550-8106
        Email: john.burkhardt@schafferherring.com

        Robert A. Stines (Pro Hac Vice Pending)
        SMITH GAMBRELL & RUSSELL LLP
        201 North Franklin Street, Suite 3550
        Tampa, FL 33602
        Telephone:  (813) 488-2920
        Facsimile:  (813) 488-2960
        Email:  rstines@sgrlaw.com
        *Attorneys for Defendant, Whaleco Inc., d/b/a Temu*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, a copy of the foregoing pleading was electronically filed with the United States District Court for the Western District of Oklahoma. A copy of the foregoing pleading was also served on the following attorneys of record for Plaintiff by email:

Mary Quinn Cooper, Esq.
Kathy R. Neal, Esq.
McAFEE & TAFT, PC
Williams Center Tower II
2 West Second Street, Suite 1100
Tulsa, OK 74103
Maryquinn.cooper@mcafeetaft.com
Kathy.neal@mcafeetaft.com

Frank S. Hedin, Esq.
Arun G. Ravindran, Esq.
HEDIN HALL, LLP
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
fhedin@hedinhall.com
aravindran@hedinhall.com

E. Powell Miller, Esq.
Gregory A. Mitchell, Esq.
THE MILLER LAW FIRM PC
950 W. University Drive, Suite 300
Rochester, MI 48307
epm@millerlawpc.com
gam@millerlawpc.com

                                              *sJohn A. Burkhardt.*
                                              John A. Burkhardt